IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KIP HARTMAN,<br><br>Petitioner,<br><br>vs.<br><br>AUSTIN KNUDSEN, et al.,<br><br>Respondents. | Cause No. CV 21-146-M-DWM<br><br>ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

    This case comes before the Court on Petitioner Hartman's application for writ of habeas corpus under 28 U.S.C. § 2241. Hartman faces a second trial in Montana's Nineteenth Judicial District Court, Lincoln County, and asserts it is precluded by the Double Jeopardy Clause. Respondents ("the State") filed an answer on December 21, 2021. Hartman replied on January 11, 2022.

## I. Jurisdiction

    The Court has jurisdiction pursuant to 28 U.S.C. § 2241 because Hartman contends he is "in custody in violation of the Constitution . . . of the United States." 28 U.S.C. § 2241(c)(3). His conditional release and obligation to appear for trial constitute "custody," *see, e.g.*, *Hensley v. Municipal Court*, 411 U.S. 345, 351–53 (1973), and he contends that continuing this custody violates the Fifth

1

Amendment's guarantee against double jeopardy, *see Benton v. Maryland*, 395 U.S. 784, 793–96 (1969).

The more common jurisdictional statute, 28 U.S.C. § 2254, does not apply. Hartman is not "in custody pursuant to a judgment." 28 U.S.C. § 2254(a). Unlike other constitutional claims, a double jeopardy claim may be heard in federal court before entry of judgment because "the Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to trial for the same offense." *Abney v. United States*, 431 U.S. 651, 660–61 (1977); *see also, e.g.*, *Dominguez v. Kernan*, 906 F.3d 1127, 1132 n.7 (9th Cir. 2018); *Brown v. Ahern*, 676 F.3d 899, 901 (9th Cir. 2012); *Stow v. Murashige*, 389 F.3d 880, 885–88 (9th Cir. 2004).

## II.  Exhaustion

28 U.S.C. § 2254(b) and (c) require state prisoners to exhaust their claims in state court before filing in federal court. As § 2254 does not apply, neither does its exhaustion requirement. But the statute codifies longstanding case law requiring persons in state custody to present their federal constitutional claims in state court before proceeding in federal court. Regardless of the lack of statutory command, the exhaustion requirement is essential to preserve comity between state and federal courts. *See, e.g.*, *Rose v. Lundy*, 455 U.S. 509, 520 (1982); *Ex parte Royall*, 117 U.S. 241, 251 (1886). It applies here.

The State asserts that Hartman has not properly exhausted his claim in state court. *See* Answer (Doc. 5) at 41–50. Hartman presented his double jeopardy claim to the Montana Supreme Court on October 29, 2021, in a petition for writ of supervisory control. *See Hartman v. Nineteenth Jud. Dist. Court*, No. OP 21-0536 (Mont. filed Oct. 29, 2021). The October petition happened to be Hartman's fourth application for supervisory control. The first three were filed before Hartman's first trial. His fourth petition was the first one he filed after the trial court declared a mistrial and set a new trial. Thus, the fourth petition was Hartman's first and only one raising a claim of double jeopardy.

The Montana Supreme Court holds that "constitutional double jeopardy rulings by a district court may be challenged prior to a final judgment only by way of a petition for writ of supervisory control, as authorized by" Montana Rule of Appellate Procedure 14(3). *State v. Burton*, 407 P.3d 280, 286 ¶ 18 (Mont. 2017). Supervisory control, however, remains "an extraordinary remedy," available only on "a case-by-case basis." Mont. R. App. P. 14(3).

The criteria governing such petitions are set forth in Montana Rule of Appellate Procedure 14(3). A petitioner must meet three elements, the third of which may be met by one or more of three alternatives:

> Supervisory control . . . is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when one or more of the following circumstances exist:

3

> **(a)** The other court is proceeding under a mistake of law and is causing a gross injustice;
>
> **(b)** Constitutional issues of state-wide importance are involved;
>
> **(c)** The other court has granted or denied a motion for substitution of a judge in a criminal case.

Mont. R. App. P. 14(3) (eff. Oct. 1, 2011).

In his fourth petition, Hartman asserted that the following criteria governed:

> Original jurisdiction is appropriate under Mont. R. App. P. 14(2) and 14(3) because a writ of supervisory control is appropriate where the case involves (1) constitutional issues of major statewide importance; (2) purely legal questions of statutory/constitutional construction; or (3) urgency and emergency factors make the normal appeal process inadequate.

Pet. for Writ of Supervisory Control (Doc. 1-2) at 14, *Hartman*, No. OP 21-0536.

Hartman's petition stated three elements, but it presented them as if meeting one of them would suffice. Apart from misstating the elements, the petition did not further address them. It proceeded directly, and exclusively, to an argument showing why Hartman believed the trial court erred in declaring a mistrial. *See id*. at 14–21.

The Montana Supreme Court held:

> Because he has failed to meet the threshold procedural requirements for this Court to consider whether the matter he seeks to raise is appropriate for writ of supervisory control, we have not considered the merits of Hartman's substantive arguments.

Order at 3, *Hartman*, No. OP 21-0536 (Mont. Nov. 9, 2021); *see also* Mont. R.

4

App. P 14(5)(B)(i), (iii).

"[O]nce the state courts have ruled upon a claim," the exhaustion requirement is met. *See Castille v. Peoples*, 489 U.S. 346, 350 (1989) (discussing *Brown v. Allen*, 344 U.S. 443, 447 (1953)). The requirement is also met if the petitioner presents the claim in an appeal as of right, *see, e.g.*, Mont. Code Ann. §§ 46-20-101, -104, 46-21-203, but the claim is "ignored (and therefore impliedly rejected)" by the state court. *See Peoples*, 489 U.S. at 351 (citing *Smith v. Digmon*, 434 U.S. 332, 333 (1978) (per curiam)).

But "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered" unless the petitioner meets exceptional criteria, *see Peoples*, 489 U.S. at 351 (describing Pennsylvania law requiring "special and important reasons" to hear petition for writ of allocatur), a state court's decision not to address the claim is not an implied rejection of the claim's merits. It is only a decision that the petitioner failed to meet the exceptional criteria. *See id.*; *see also Pitchess v. Davis*, 421 U.S. 482, 488 (1975) (per curiam) (holding that denial of application for writ of prohibition under California law "does not constitute, and cannot be fairly read as, an adjudication on the merits of the claim presented."); *Ex parte Hawk*, 321 U.S. 114, 116–17 (1944) (per curiam).

The Montana Supreme Court did not rule on Hartman's claim. It did not ignore the claim. It held that Hartman "failed to meet the threshold procedural requirements" applicable to a petition for writ of supervisory control and, as a result, the court had "not considered the merits of Hartman's substantive arguments." Order at 3, *Hartman*, No. OP 21-0536 (Mont. Nov. 9, 2021). This decision cannot fairly be read as a ruling on the merits of Hartman's claim that his retrial is barred as double jeopardy. This Court can only conclude that Hartman has not properly exhausted his federal constitutional claim in the courts of the State of Montana.

Hartman resists this conclusion, arguing that he raised the claim and the Montana Supreme Court simply failed to address it. *See, e.g.*, Reply (Doc. 6) at 1–4. In particular, he interprets the court's opinion as ruling that he "'fail[ed] to explain why this issue cannot be adequately addressed on appeal.'" *Id*. at 3. But this phrase and the others Hartman quotes in his reply brief, *see id*., appeared in the Montana Supreme Court's orders denying Hartman's first three petitions for supervisory control. None of them raised a double jeopardy claim. *See* Order at 1–2, *Hartman v. Montana Nineteenth Jud. Dist. Court*, No. OP 20-0017 (Mont. Jan. 14, 2020) (Doc. 5-1); Order at 1–2, *Hartman v. Montana Nineteenth Jud. Dist. Court*, No. OP 20-0027 (Mont. Jan. 21, 2020) (Doc. 5-2); Order at 1–2, *Hartman v. Montana Nineteenth Jud. Dist. Court*, No. OP 20-0069 (Mont. Feb. 11, 2020)

(Doc. 5-3).

The Montana Supreme Court denied Hartman's fourth petition "for the same reason as the three petitions which preceded it[:] [b]ecause he has failed to meet the threshold procedural requirements for this Court to consider whether the matter he raises is appropriate for writ of supervisory control." Order at 3, *Hartman*, No. OP 21-0536 (Mont. Nov. 9, 2021). This Court cannot recast the plain meaning of this decision or turn it into a ruling on the merits of Hartman's double jeopardy claim.

To "protect the integrity of the federal exhaustion rule," federal courts "ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (emphasis in original). Hartman has not properly exhausted or fairly presented his double jeopardy claim.

The Montana Supreme Court did not foreclose further filings. *See* Order at 4, *Hartman*, No. OP 21-0536. Neither party has argued that Hartman's claim cannot be presented again or is now procedurally defaulted. Because it is not "clear" that he is now unable to present the claim in compliance with state law, *see Gray v. Netherland*, 518 U.S. 152, 161–62 (1996), the Court will dismiss the federal petition without prejudice for failure to exhaust state remedies.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Gonzalez v. Thaler*, 565 U.S. 134, 140 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. at 140–41.

Hartman makes a substantial showing that retrial will violate the Fifth Amendment's double jeopardy clause. But reasonable jurists would not find that he has met the exhaustion requirement. A COA is not warranted.

Accordingly, IT IS ORDERED:

1. Hartman's petition (Doc. 1) is DISMISSED for failure to exhaust state remedies.

2. The clerk shall enter, by separate document, a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this  14th  day of January, 2022.

                                                          09:57 AM
                          Donald W. Molloy
                          United States District Court